**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

GILBERT TREVINO, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:10-CV-2031-RWS
LOCKHEED MARTIN CORP., :
and LOCKHEED MARTIN :
AERONAUTICS COMPANY, :
:
    Defendants. :
:
:

## **ORDER**

This case comes before the Court on Defendant Lockheed Martin Corporation's Motion for Summary Judgment [21].[1] After a review of the record, the Court enters the following Order.

### **Preliminary Matters**

As an initial matter, Defendant Lockheed Martin Corporation's Statement

---

[1] Although Plaintiff names Lockheed Martin Aeronautics Company as a Defendant, it is an unincorporated division of Lockheed Martin Corporation and not a separate legal entity capable of being sued. Western Beef Inc. v. Compton Inv. Co., 611 F.2d 587, 591 (5th Cir. 1980) (quoting Stotter & Co. v. Amstar Corp., 579 F.2d 13, 18 (3d Cir. 1978)) ("A division of a corporation is not a separate entity but is the corporation itself.").

of Material Facts [21-12] is deemed admitted because Plaintiff has failed to file a proper response thereto. LR 56.1(B)(2)(a)(2), NDGa ("This Court will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1 B.(1)."). Here, Plaintiff has not responded to Lockheed's Motion for Summary Judgment or disputed the facts alleged therein, which are now deemed admitted.

## Background

This case arises out of Plaintiff's previous employment with Defendant Lockheed Martin Corporation ("Lockheed"). Plaintiff alleges that Lockheed terminated his employment based on his age in violation of the Age Discrimination in Employment Act (ADEA). Dkt. No. [21-1] at 1.

Plaintiff started working at Lockheed in 1979 and, as of 2010, held the position of "Inspector, Flight and Electronic Systems." Id. at 2. On multiple occasions throughout his employment, Plaintiff "engag[ed] in disrespectful,

2

AO 72A
(Rev.8/82)

disruptive, and threatening conduct at work." Id. at 4. Specifically, in January of 2010, two female security officers filed formal complaints against Plaintiff, leading to an internal investigation by Lockheed. Id. at 5-6. During the investigation, Plaintiff continued to engage in threatening behavior toward other employees and, on one occasion, told one of the investigators that "[he] had a gun and [knew] how to use it." Id. at 7-8.

Within hours of this statement, Lockheed's Crisis Management Team (the "CMT") met and determined that Plaintiff presented a "potential threat of violence" and suspended him pending the completion of the internal investigation. Dkt. No. [21-12] at ¶¶ 45, 55-57. Upon completion of the investigation on February 18, 2010, the investigators presented their findings to Lockheed's Discipline Review Committee (the "DRC"). Dkt. No. [12-1] at 12. The DRC unanimously decided to terminate Plaintiff's employment, effective February 26, 2010. Id. at 14. The reasons for the termination, as articulated in the termination letter, were violation of several of Lockheed's policies, including those regulating workplace conduct and security. Id. Plaintiff had also received multiple previous warnings for violating these same policies. Id.

Lockheed now moves for summary judgment on Plaintiff's ADEA claim on grounds that Plaintiff has failed to state a *prima facie* case of age

3

discrimination or, in the alternative, that Defendant Lockheed had a legitimate, non-discriminatory reason for firing Plaintiff that was not merely pretextual.

## Discussion

I. Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome

4

of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

## II. Plaintiff's ADEA Claim

Plaintiff alleges that he was discriminated against on the basis of his age in violation of the ADEA, Dkt. No. [12-1] at 1, which provides, "[i]t shall be

5

unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). At the summary judgment stage, the Courts must analyze ADEA claims based on circumstantial evidence under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Licausi v. Symantec Corp., 378 F. App'x 964, 965 (11th Cir. 2010).

McDonnell Douglas and subsequent precedent place the burden of establishing a *prima facie* case of age discrimination on the plaintiff. 411 U.S. at 802; Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254, 101 S. Ct. 1089, 67 L. Ed. 207 (1981) (stating that plaintiff bears initial burden of establishing *prima facie* case of discrimination). If a plaintiff succeeds in establishing a *prima facie* case, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory rationale for the alleged adverse employment action. Licausi, 378 F. App'x at 965. If the employer is able to offer such a reason, "the presumption of discrimination is eliminated, and, to survive summary judgment, the plaintiff must produce evidence from which a reasonable jury could conclude that the employer's reasons 'were not the real

6

AO 72A
(Rev.8/82)

reasons for the adverse employment action,' but instead that each was pretextual." Id. (quoting Chapman v. AI Transp., 229 F.3d 1012, 1024-25 (11th Cir. 2000)).

Here, the Court need not conduct the full McDonnell Douglas analysis as the Plaintiff fails to establish a *prima facie* case of age discrimination. To establish a *prima facie* case, the Plaintiff must show that: (1) he is a member of a protected class (i.e., is at least forty years old, 29 U.S.C. § 633a(a)); (2) he is qualified for the relevant employment position; (3) he was subjected to adverse employment action; and (4) he was replaced by a person outside the protected class. Kelliher v. Veneman, 313 F.3d 1270, 1275 (11th Cir. 2002); Hinson v. Clinch County Bd. of Educ., 231 F.3d 821, 828 (11th Cir. 2000). Alternatively, if a plaintiff cannot show that he was replaced by a member outside his protected class, he may still satisfy the last prong of the *prima facie* case requirement by identifying similarly-situated comparators outside the protected class who were treated more favorably. Horn v. United Parcel Servs., Inc., No. 10–13915, 2011 WL 2650858, at *3 (11th Cir. July 7, 2011) (citing Nix v. WLCY Radio/Rahall Comm'ns, 738 F.2d 1181, 1185-86 (11th Cir.1984)). Here, Plaintiff does not make either showing.

First, Plaintiff puts forward no evidence that he was replaced by a person

7

AO 72A
(Rev.8/82)

outside the ADEA's protected class. In fact, Plaintiff admits that he does not know who replaced him or how old his replacement was. Dkt. No. [21-12] at ¶ 83. Further, "there is no competent evidence that Lockheed Martin replaced him at all." Dkt. No. [21-1] at 17. Absent a showing that Plaintiff was replaced by someone outside the protected class, he has not met his burden of establishing a *prima facie* case.

Second, Plaintiff fails to show that other similarly-situated comparators outside the ADEA's protected class were treated more favorably than Plaintiff. In fact, Lockheed terminated a thirty-seven year old employee—a person outside of the protected class—for engaging in threatening behavior similar to Plaintiff's (making threatening comments about a gun.) Dkt. No. [21-1] at 19, 19 n.13. Further, Lockheed has "terminated every employee who has ever engaged in conduct similar to that of which Plaintiff was accused, regardless of age." Dkt. No. [21-12] at ¶ 96. Therefore, Plaintiff cannot show that Lockheed treated similarly-situated persons outside the protected class more favorably.

Because Plaintiff cannot establish a *prima facie* case by showing either that he was replaced by someone outside the protected class or that a similarly situated comparator outside the protected class was treated more favorably, the

8

AO 72A
(Rev.8/82)

Court need not proceed further with the McDonnell Douglas analysis.[2]

Defendant Lockheed's Motion for Summary Judgment [21] is **GRANTED**.

## Conclusion

Based on the foregoing, Defendant Lockheed Martin Corporation's Motion for Summary Judgment [21] is **GRANTED**. The Clerk is directed to close this case.

**SO ORDERED**, this  4th  day of November, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[2] Although the Court need not conduct this analysis, it appears Lockheed had a legitimate, non-discriminatory reason for terminating Plaintiff's employment that was not merely pretext, which would also bar Plaintiff's ADEA claim.

9